UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANIEL DEMISSIE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AARON D. FORD, LAS VEGAS METROPOLITAN POLICE DEPARTMENT, DETECTIVE GABRIEL LEA, DETECTIVE BROOKS WEST, CAESARS ENTERTAINMENT, INC., FLAMINGO LAS VEGAS OPERATING COMPANY, LLC, and JOHN DOE, FLAMINGO ASSISTANT SECURITY SHIFT MANAGER,<br><br>　　　　Defendants. | Case No. 2:25-cv-00504-JAD-EJY<br><br><br>**ORDER** |

　　　　Pending before the Court is the Motion to Seal. ECF No. 72. Plaintiff seeks to seal body worn camera footage, police incident report, and photographs apparently relating to his arrest. *Id.*

　　　　"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 n.7 (1978)). Here, because the exhibits at issue are attached to Plaintiff's Motion for Sanctions seeking a dispositive outcome in the form of case terminating sanctions (ECF No. 71), the Court applies the compelling reason standard to Plaintiff's request to seal. *Id.* at 1178-79. This is a high threshold that must be met by demonstrating documents may be used for an improper purpose, including use of records to gratify private spite, promote public scandal, disseminate libelous statements, or circulate trade secrets. *Id.* at 1179 *citing Nixon*, 435 U.S. at 598.

　　　　Plaintiff does not meet this standard. Instead, Plaintiff argues the failure to seal the body worn camera footage at issue may cause him embarrassment. He offers, without support, that the footage at issue is a "deep fake." The Court rejects this unsupported allegation. With respect to photographs Plaintiff seeks to seal, he alleges the failure to seal will result in prejudice to his "reputation and privacy." As stated in *Kamakana*, "[t]he mere fact that the production of records

1

may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id. citing Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1136 (9th Cir. 2003).

The Court finds Plaintiff has not carried his burden of demonstrating compelling reasons to seal exhibits in support of his Motion for Sanctions (ECF No. 71).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Seal (ECF No. 72) is DENIED.

IT IS FURTHER ORDERED that the exhibit manually filed as indicated at ECF No. 69 must be unsealed.[1]

Dated this 22nd day of August, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes there are no other sealed exhibits on file in this case.