UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANIEL DEMISSIE,<br><br>   Plaintiff,<br><br>   v.<br><br>AARON D. FORD, ATTORNEY GENERAL OF NEVADA, LAS VEGAS METROPOLITAN POLICE DEPARTMENT (Metro), DETECTIVE GABRIEL LEA (#16511), OFFICER BROOKS WEST (#16134), CAESARS ENTERTAINMENT, INC., FLAMINGO LAS VEGAS OPERATING COMPANY, LLC, AND JOHN DOE, FLAMINGO ASSISTANT SECURITY SHIFT MANAGER,<br><br>   Defendants. | Case No. 2:25-cv-00504-GMN-EJY<br><br>**ORDER** |

Pending before the Court is Defendant Las Vegas Metropolitan Police Department, Officer Brooks West, and Detective Gabriel's[1] Motion to Seal Exhibits "J", "K", "L", "M", "N" and "O" filed in support of their Opposition to Plaintiff's Motion for Terminating Sanctions and Default Judgment Due to Fraud on the Court. ECF No. 79. The LVMPD Defendants contend good cause exists for sealing because the exhibits contain materials designated as confidential under the Court's Amended Stipulated Confidentiality Agreement and Protective Order ("Stipulated Protective Order"). *Id*.

As the party seeking to seal a judicial record, the LVMPD Defendants must overcome the strong presumption in favor of access and public policies favoring disclosure. Further, in *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006), the Ninth Circuit held that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. Where a party seeks to seal documents attached to a non-dispositive motion, the "public policies that support the right of access to dispositive motions … do not apply with equal force …." *Id*., 447 F.3d at 1179 (citation omitted).

---

[1] Herein after, "LVMPD Defendants."

1

The mere fact that the production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Compelling reasons require a demonstration of something more, such as when court files have become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal, disseminate libelous statements, or circulate trade secrets. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Specifically, regarding information touching on business agreements, proprietary information, and internal policies and procedures, a reviewing court may grant the motion to seal if there are compelling reasons sufficient to outweigh the public's interest in disclosure of the information. *Callahan v. PlusFour, Inc.*, Case No. 2:17-CV-2513 JCM (GWF), 2019 WL 302492, at *5 (D. Nev. Jan. 23, 2019), *citing Kamakana*, 447 F.3d at 1178-79.

Here, because the exhibits at issue are attached in Opposition to Plaintiff's Motion for Sanctions seeking a dispositive outcome in the form of case terminating sanctions (ECF No. 71), the Court applies the compelling reason standard to the LVMPD Defendant's request to seal. *Id*. at 1178-79. Unfortunately, the LVMPD Defendants fail to address this standard in their Motion and mistakenly rely on the protective order to establish the basis to seal. Well settled law establishes "a party 'may not simply rely on the Stipulated Protective Order ... to justify sealing documents filed in the record under seal.'" *Heath v. Tristar Products, Inc.*, Case No. 2:17-cv-02869-GMN-PAL, 2019 WL 12311995, at *1 (D. Nev. Apr. 17, 2019), *citing Foltz v. State Farm Mutual Automobile Insurance Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003) (reliance on a blanket protective order, without more, will not make a showing of good cause); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992) (blanket stipulated protective orders are over inclusive by nature and do not include a finding of "good cause").

The LVMPD Defendants fail to make a particularized showing to demonstrate why these exhibits should be sealed. *See Tristar Products*, Case No. 2:17-cv-02869-GMN-PAL, 2019 WL 12311995, at *2. Thus, the Court finds the LVMPD Defendants have not carried their burden to seal exhibits in support of their Opposition.

Accordingly, IT IS HEREBY ORDERED that the Motion to Seal (ECF No. 79) is DENIED without prejudice.

IT IS FURTHER ORDERED that Defendant Las Vegas Metropolitan Police Department, Officer Brooks West, and Detective Gabriel must file a revised Motion to Seal no later than September 15, 2025.

IT IS FURTHER ORDERED that the provisionally sealed documents filed at ECF No. 77 shall remain sealed pending the outcome of a revised motion to seal.

Dated this 8th day of September, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE