UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANIEL DEMISSIE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AARON D. FORD, ATTORNEY GENERAL OF NEVADA, LAS VEGAS METROPOLITAN POLICE DEPARTMENT (Metro), DETECTIVE GABRIEL LEA (#16511), OFFICER BROOKS WEST (#16134), CAESARS ENTERTAINMENT, INC., FLAMINGO LAS VEGAS OPERATING COMPANY, LLC, AND JOHN DOE, FLAMINGO ASSISTANT SECURITY SHIFT MANAGER,<br><br>　　　　Defendants. | Case No. 2:25-cv-00504-GMN-EJY<br><br>**ORDER** |

Pending before the Court is Defendants Las Vegas Metropolitan Police Department ("Metro") and the individual Defendants' collective Motion to Seal pertaining to exhibits provided in support of Defendants' opposition to a Motion for Terminating Sanctions.[1] ECF No. 88. The Court initially granted Defendants' Motion to Seal (ECF No. 89), but upon review of Plaintiff's Motion for Reconsideration (ECF No. 91), the Court agreed to reconsider its original Order. ECF No. 92. The Court is now in possession of additional filings pertaining to the Motion to Seal filed by the parties. ECF Nos. 96, 104. All filings pertinent to the instant decision were considered by the Court.

**I.    Background**

The Motion to Seal seeks to prevent public access to body worn camera, which was produced under a Court approved confidentiality agreement and protective order (ECF No. 65), and which Defendants contend meets the standard of sealing set by the Ninth Circuit in *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and its progeny. Defendants also rely on NRS 289.025, which is titled: "Confidentiality of home address and photograph of peace officer in

---

[1] Metro together with the individual Defendants are referred to herein as "Defendants."

1

1  possession of law enforcement agency; exceptions." Subsections 1 and 2 of this statute together
2  state: "1. Except as otherwise provided in subsections 2 and 3 and NRS 239.0115, the home address
3  and any photograph of a peace officer in the possession of a law enforcement agency are not public
4  information and are confidential. 2. The photograph of a peace officer may be released: (a) If the
5  peace officer authorizes the release; or (b) If the peace officer has been arrested."

6  Defendants contend the body worn camera at issue which is, of course, in Plaintiff's
7  possession and can be used in the prosecution of Plaintiff's case, falls squarely within the statutory
8  language of NRS 289.025 and, therefore, the images of the police officers in that footage must
9  remain under seal as neither exception to the release of officers' images is met. Defendants further
10 contend that the release of the body worn camera images serves no benefit to the public and, thus,
11 the *Kamakana* standard is met.

12 Plaintiff contends that there is a strong presumption of disclosure under *Kamakana* and
13 follow-on Ninth Circuit case law because the body worn camera video was altered and fabricated to
14 create false appearances. Plaintiff avers this fraud is of particular public concern in light of the
15 increasing risks of deepfake technology. Plaintiff says the images on the body worn camera are
16 "deepfake alterations deliberately introduced by defense counsel to mislead the Court." ECF No. 96
17 at 5. Plaintiff attacks defense counsel and says there is no legitimate privacy interest at stake.

18 With respect to NRS 289.025, Plaintiff concludes it does not govern federal proceedings and
19 responds to Defendants' public interest argument by contending that allegations of fabricated body
20 worn camera footage outweighs any "generalized" privacy interest the law enforcement officers may
21 have. Plaintiff says keeping the footage confidential is prejudicial to him and his case because
22 sealing these images will only lead to more motion practice and, in any event, Plaintiff is trying to
23 bring to light the issue of fabrication, which "federal authorities" will want to review for purposes
24 of criminal prosecutions. Plaintiff closes his argument by again attacking defense counsel as
25 misrepresenting facts to the Court. Plaintiff seeks sanctions.

26 Defendants respond to Plaintiff's arguments reiterating the applicable standard and quoting
27 the NRS at issue. Defendants then argue that Plaintiff's repeated accusations of altered body worn
28 camera images is unsupported by any evidence and that NRS 289.025 is clearly applicable to the

1 case at bar. Defendants quote legislative history because no case law exists interpreting this statute. Defendants point to such history as demonstrating that "photographs of peace officers are confidential"—a mere repetition of what the statute states. Defendants offer that the safety of police officers, whose personal information may be disseminated to the public, could be jeopardized by disclosure of the body worn camera. Defendants point out that prior rulings in the District of Nevada have favored confidentiality of law enforcement's private information when the opposing party is an unrepresented individual.

Defendants says the most compelling fact for the Court to consider is that Plaintiff previously moved to seal the body worn camera recognizing that the "footage has already drawn heightened attention between the parties in this case and risks attracting unnecessary public interest if publicly disseminated. … Plaintiff respectfully submits that sealing is appropriate to prevent unnecessary prejudice." ECF No. 105 at 5 *citing* ECF No. 72 at 2.

**II.    Discussion**

The Court notes that the intent and application of NRS 289.025 has not been discussed by the Nevada Court of Appeals or the Nevada Supreme Court. The District of Nevada applied the statute in *Sykes v. Las Vegas Metropolitan Police Department*, Case No. 2:21-cv-1479-RFB-DJA, 2023 WL 9896903, at *1 (D. Nev. Oct. 25, 2023), and withheld a police officer's home address from public disclosure under NRS 289.025. In *Voss v. McClellan*, Case No. 3:08-cv-0342-RJC (RAM), 2011 WL 1076135, at *10 (D. Nev Feb. 8, 2011), the Court again held that disclosure of a police officer's home address was impermissible under the statute. This Court notes that withholding a law enforcement officer's home address in support of safety does not necessarily equate to withholding body worn camera video. Nonetheless, the Court in *McClellan* did take note that, within the prison system, disclosing personal information of corrections officers could endanger the safety and security of such officers. *Id*. While the Court welcomes the application of NRS 289.025 in these cases, neither decision addressed body worn camera footage.

First, the Court finds Plaintiff offers no evidence that supports the conclusion that Metro altered or fabricated body worn camera footage. While this issue may be resolved through this proceeding, and Plaintiff need not disprove the request to seal is appropriate, the Court nevertheless

notes that there is nothing at this juncture on which it can rely with confidence to conclude Plaintiff's allegation is true or even worthy of credence such that there is a public interest in viewing alleged altered or fabricated police video. Second, the Court categorically rejects Plaintiff's unsupported allegations regarding defense counsel's conduct as the counsel appearing in this case are officers of the Court and their representations are taken as true in the absence of any reason to question what they have proffered. Third, that the body worn camera footage contains images of the officers is without doubt. Thus, there is some basis to find NRS 289.025 was meant to prevent disclosure of camera footage; albeit this issue is unresolved. Fourth, in contrast to Plaintiff's current position, Plaintiff previously told the Court he recognized the risks associated with disclosure including "attracting unnecessary public interest if publicly disseminated" and "unfairly affect[ing] the integrity of these proceedings." ECF No. 72 at 2. Plaintiff's representation regarding the impact of disclosure was made only (approximately) six weeks ago on August 21, 2025. *Id*.

Plaintiff's recognition that release of video could unfairly affect the integrity of these proceedings, a concern Defendants adopt, is considered along with Defendants' contention that release may cause efforts to "dox" the individual Defendants (that is, prompt a search for and malicious publication of private information about the officers being sued), especially in light of the allegations made by this *pro se* Plaintiff. The Court finds these concerns sufficiently establish compelling reasons to permit the body worn camera footage to be filed under seal. While the public's interest in the integrity of law enforcement activity is not discounted, the safety of law enforcement and potential misuse of the video (given the unique aspects of the current case that includes Plaintiff's salacious allegations of egregious wrongdoing (*see* ECF No. 7)) is of equal importance.

This is not mere generalized concern, but recognition of specific danger impacting the integrity of the instant proceedings and safety of the individual Defendants, which must override the disclosure of the evidence at issue especially given the lack of credible information that would allow the Court to find a basis to conclude the body worn video was fabricated or materially altered. It is these considerations and not necessarily the language of NRS 289.025, which compels the Court's decision. The Court notes this decision is not static; that is, should information come to light

demonstrating a credible basis for finding fabrication or alteration of body worn camera footage in this case, the Court may reach a different result in the future.

Accordingly, the Court confirms its Order at ECF No. 89 and IT IS HEREBY ORDERED that exhibits J, K, L, M, N, and O, filed manually with the Court (see docket entries on September 8 and 9, 2025) are and shall remain sealed.

IT IS FURTHER ORDERED that Plaintiff's request for sanction is denied.

Dated this 2nd day of October, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE