UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANIEL DEMISSIE,<br><br>         Plaintiff,<br><br>     v.<br><br>AARON D. FORD, LAS VEGAS METROPOLITAN POLICE DEPARTMENT, DETECTIVE GABRIEL LEA, DETECTIVE BROOKS WEST, CAESARS ENTERTAINMENT, INC., FLAMINGO LAS VEGAS OPERATING COMPANY, LLC, and JOHN DOE, FLAMINGO ASSISTANT SECURITY SHIFT MANAGER,<br><br>         Defendants. | Case No. 2:25-cv-00504-JAD-EJY<br><br>**ORDER** |

Pending before the Court is "Plaintiff's Emergency Motion for Protective Order Pursuant to FRCP 26(c)(1) to Preclude Deposition Noticed by Metro Defendants for October 8, 2025." ECF No. 98. The Motion was filed on September 25, 2025. Thus, no response has yet been received. The Motion argues that Plaintiff's deposition cannot proceed because Plaintiff has a pending Motion for Terminating Sanctions (ECF No. 71) alleging fraud on the Court based on the unrelenting theme that Las Vegas Metropolitan Police Department ("Metro") produced fabricated body worn camera footage. *Id*. at 1. Plaintiff further contends Metro is withholding critical discovery including "Detective Lea's 'Order-Out Corridor' recommendation to prosecutors"; "[s]pecifications and grounds for … [his] placement on the 'Order-Out Corridor' list"; "[d]atabase logs showing agencies/officers who accessed … [his] record"; and "[u]naltered, native BWC [body worn camera] footage from Officer West's interactions with Flamingo employee." *Id*. at 3-4. Plaintiff attacks the credibility of opposing counsel's representations and states "he knows for a fact" that the already produced body worn footage is altered. *Id*. at 7. Plaintiff fears his "video- or audio-recorded deposition could likewise be manipulated to prejudice" him. *Id*. Plaintiff cites to his Reply in support of his Motion for Terminating Sanctions as demonstrating the misstatements of opposing counsel. *Id. citing* ECF No. 84.

1

It is worth noting that the Court's review of Plaintiff's Motion for Terminating Sanctions appears to be based on Plaintiff's asserted "belief" that Metro has altered body worn camera; however, Plaintiff provides no reliable evidence that the camera footage contains deepfake edits or other alteration. Metro also notes that it has produced the native, original and unedited footage that was captured during Plaintiff's June 17, 2023 apprehension and arrest (supported by evidence). ECF No. 77 at 8 (and citations therein). A declaration was offered by Metro's Systems Administrator regarding how body worn camera footage is captured, stored, maintained, and produced. *Id*. Despite this and other evidence offered by Metro and counsel for Metro's professional obligation of candor owed to the Court, the Court recognizes that it has not yet had an opportunity to fully evaluate Plaintiff's Motion.

Further, Plaintiff has not cited any law holding he is entitled to have all documentation requested before he appears for deposition and the Court is not aware of any such rule applicable to the U.S. District Court for the District of Nevada. The Court notes it is unlikely that there is any body worn camera footage in Metro's possession that Plaintiff does not have given Metro's representation that it previously produced the native, original footage. As for the other requested documents, Plaintiff does not explain why these are critical or even necessary before he is deposed. Plaintiff instead argues that proceeding with his deposition "would not assist the Court in resolving … [his contentions of alteration and fabrication] but would instead create substantial risk of prejudice by subjecting Plaintiff to further exploitation, harassment, and manipulation of his voice and image." ECF No. 98 at 9.

Plaintiff's deposition will be recorded and or transcribed by a licensed court reporter who has independent obligations regarding accuracy. Plaintiff presents nothing to suggest that the firm or individual who will record his deposition would participate in altering his voice or image. With respect to "exploitation," it is Plaintiff who brings his case against Metro (and others). Metro is entitled to take Plaintiff's deposition even with dispositive motion practice pending. In the absence of a stay of discovery, which is not present here, Plaintiff cannot avoid participation in his deposition based solely on the pendency of a potentially dispositive motion.

Generally, a dispositive motion does not warrant a stay of discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). "The party seeking a stay . . . has the burden to show good cause by demonstrating harm or prejudice that will result from the discovery." *Rosenstein v. Clark Cnty. Sch. Dist.*, Case No. 2:13-cv-1443-JCM-VCF, 2014 WL 2835074, at *3 (D. Nev. June 23, 2014), *citing* Fed. R. Civ. P. 26(c)(1) (internal quotation marks omitted). A party seeking a discovery stay carries the "heavy burden" of making a strong showing why the discovery process should be halted. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). When deciding whether to issue a stay, a court must take a "preliminary peek" at the merits of the dispositive motion pending in the case. *Buckwalter v. Nevada Bd. of Med. Exam'rs*, Case No. 2:10-cv-02034-KJD-GWF, 2011 WL 841391, at *1 (D. Nev. Mar. 7, 2011). A stay of discovery is only appropriate where a court is convinced that all claims will be dismissed. *Tradebay,* 278 F.R.D. at 602 (pending motion must be "potentially dispositive of the entire care or at least dispositive of the issue on which discovery is sought"); *see also Flynn v. Nevada*, 345 F.R.D. 338, 352 (D. Nev. 2024) (the court must take a "preliminary peek" at the merits of the potentially dispositive motion and find it "is convinced" that all claims will be dismissed). As mentioned above, the Court took a preliminary peek at the merits of Plaintiff's Motion for Terminating Sanctions (ECF No. 71). While the Motion is potentially case dispositive, the Court is not convinced that all claims will be dismissed as the result of the Motion. For this reason, the Court finds a stay of Plaintiff's deposition is not supported by the facts presented.

Accordingly, and based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motions seeking shortened time (ECF No. 99) and for Leave to Supplemental Declaration (ECF No. 102) are GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Emergency Motion for Protective Order Pursuant to FRCP 26(c)(1) to Preclude Deposition Noticed by Metro Defendants for October 8, 2025 (ECF No 98) is DENIED.

Dated this 7th day of October, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE