UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANIEL HAILE DEMISSIE,<br><br>    Plaintiff,<br><br>v.<br><br>AARON D. FORD, LAS VEGAS METROPOLITAN POLICE DEPARTMENT, DETECTIVE GABRIEL LEA, DETECTIVE BROOKS WEST, CAESARS ENTERTAINMENT, INC., FLAMINGO LAS VEGAS OPERATING COMPANY, LLC, and JOHN DOE, FLAMINGO ASSISTANT SECURITY SHIFT MANAGER,<br><br>    Defendants. | Case No. 2:25-cv-00504-GMN-EJY<br><br>**ORDER** |

    Pending before the Court is "Plaintiff's Motion to Seal Document Personal Journal Filed as Exhibit 2 to ECF No. 124 and Related to Dispositive Filings at ECF Nos. 115 and 124." ECF No. 126.

    As the party seeking to seal a judicial record, Plaintiffs must meet their burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). The mere fact that the production of records may lead to a party's embarrassment, incrimination or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Compelling reasons require a demonstration of something more, such as when court files have become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal, disseminate libelous statements, or circulate trade secrets. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Where a party seeks to seal documents attached to a non-dispositive motion, the "public policies that support the right of access to dispositive motions … do

1

not apply with equal force … ." *Kamakana*, 447 F.3d at 1178-1179 (citation omitted) (holding that those who seek to maintain the secrecy of documents attached to non-dispositive motions must demonstrate "good cause" supporting secrecy); *see also Phillips ex. rel. Estates of Byrd v. General Motors Corp*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) ("For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted."). Ultimately, the Court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana*, 447 F.3d at 1179 (quoting *Foltz*, 331 F.3d at 1135) (alteration in original) (internal quotation marks omitted).

While Plaintiff cites the correct standard, it is unclear to the Court what, if any, content in his filing at Exhibit 2 warrants sealing. Plaintiff submitted 45 pages worth of screenshots that can only be described as stream of conscience journal entries. Plaintiff offers no citation in his Motion to Seal pinpointing a page or entry containing information that should be sealed. As is frequently proclaimed: judges are not like pigs hunting for buried truffles. *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991) (per curiam)).

In addition, the Court finds the exhibit is filed seven days after the Reply (ECF No. 124), and 27 days after the Motion for Sanctions (ECF No. 115). There is no explanation why this Exhibit could not have been submitted provisionally under seal at the time of these filings. To the extent the document Plaintiff seeks to supplement these filings, Local Rule ("LR") 7-2(g) prohibits supplementation of evidence without leave of court.

Accordingly, IT IS HEREBY ORDERED Plaintiff's Motion to Seal (ECF No. 126) is DENIED.

IT IS FURTHER ORDERED that Plaintiff may seek permission to file what is Exhibit 2 to his Reply brief at ECF No. 124 on the publicly available docket, he is free to do so.

1       IT IS FURTHER ORDERED that the documents at ECF No. 127 shall remain provisionally sealed for 14 days from the date of this Order allowing Plaintiff time to file an Objection, which if filed, will cause the Court to provisionally seal the document pending resolution of that Objection.

Dated this 3rd day of December, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE