UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DANIEL DEMISSIE,<br><br>  Plaintiff,<br><br>v.<br><br>AARON D. FORD, ATTORNEY GENERAL OF NEVADA, LAS VEGAS METROPOLITAN POLICE DEPARTMENT (METRO), DETECTIVE GABRIEL LEA (#16511), OFFICER BROOKS WEST (#16134), CAESARS ENTERTAINMENT, INC., FLAMINGO LAS VEGAS OPERATING COMPANY, LLC, AND JOHN DOE, FLAMINGO ASSISTANT SECURITY SHIFT MANAGER,<br><br>  Defendants. | Case No. 2:25-cv-00504-GMN-EJY<br><br>**ORDER** |

Pending before the Court is Las Vegas Metropolitan Police Department, Officer Brooks West and Detective Gabriel Lea's ("LVMPD Defendants") Motion to Seal Exhibits Contained in Motion for Summary Judgment. ECF No. 131. The LVMPD Defendants seek to seal Exhibits C and D. *Id*. at 1. Also pending before the Court is Caesars Entertainment Inc. and Flamingo Las Vegas Operating Company, LLC's, ("Caesar Defendants") Motion for Leave to File Under Seal Exhibits to its Motion for Summary Judgment. ECF No. 135. Specifically, the Caesar Defendants' Motion to Seal relates to Exhibit A-G. *Id*. at 1. The Court has reviewed the Motions to Seal as well as Plaintiff's Responses (ECF Nos. 146 and 147) and finds as follows.

As the parties seeking to seal judicial records, Defendants must meet their burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). The mere fact that the production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mut. Auto.*

*Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Compelling reasons require a demonstration of something more, such as when court files have become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal, disseminate libelous statements, or circulate trade secrets. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978).

The LVMPD Defendants' Motion seeks to seal two exhibits compiling body camera footage of active-duty officers. ECF No. 131 at 4. The LVMPD Defendants explain there are compelling reasons to seal because the exhibits contain sensitive personal information of the officers and cites NRS 289.025. *Id*. The Court recognizes it has adjudicated sealing these exhibits before (ECF Nos. 89 and 105) and finds compelling reasons continue to justify sealing the footage.

With respect to the Caesar Defendants' Motion, it seeks to seal Exhibit A containing surveillance footage from Flamingo Las Vegas cameras which shows public and restricted portions of the property. ECF No. 135 at 3. Additionally, the Caesar Defendants move to seal Exhibits B-G consisting of body camera footage showing public and restricted portions of Flamingo Las Vegas and the names and likeness of LVMPD officers. *Id*. at 3-4. The Caesar Defendants submit there are compelling reasons to justify sealing because portions of the footage falls within the protections of NRS 289.025 and public dissemination of the footage could be utilized by bad actors to learn how to avoid detection. *Id*. In Response, Plaintiff argues there are no compelling reasons to seal because the footage does not reveal trade secrets or proprietary information. To the contrary, the Court finds the Caesar Defendants have demonstrated the view captured by the surveillance cameras is proprietary and otherwise appropriately not disclosed to the general public. The Court finds there are compelling reasons to seal the exhibits based on the sensitive information contained therein.

Accordingly, IT IS HEREBY ORDERED that LVMPD Defendants' Motion to Seal Exhibits Contained in Motion for Summary Judgment (ECF No. 131) is GRANTED.

IT IS FURTHER ORDERED that Exhibits C and D filed manually with the Court (*see* ECF No. 130) are and shall remain sealed.

IT IS FURTHER ORDERED that the Caesar Defendants' Motion for Leave to File Under Seal (ECF No. 135) is GRANTED.

1     IT IS FURTHER ORDERED that Exhibits A, B, C, D, E, F, and G filed manually with the Court (*see* ECF No. 136) are and shall remain sealed.

      IT IS FURTHER ORDERED that these exhibits, if not already produced to Plaintiff, must be served on Plaintiff.

      IT IS FURTHER ORDERED that Plaintiff is **not to disclose** these **exhibits to anyone for any purpose** other than in relation to this litigation—meaning solely to support or in response to motion practice and/or in discovery propounded on Defendants. If Plaintiff submits any one or more of these exhibits to the Court, such exhibits or exhibits **must be filed under seal**.

      Dated this 17th day of December, 2025.

                                          _____
                                          ELAYNA J. YOUCHAH
                                          UNITED STATES MAGISTRATE JUDGE